In The United States District Court
For The Middle District of Pennsylvania

Dorian Trevor Sykes
#31185-039

    Plaintiff,

V.

Warden B.A. Bledsoe
    et al.,
    Defendants,

— — — — — — — — — — X

3:11-CV-1158

MEMORANDUM

OF LAW

FILED
WILLIAMSPORT, PA

JUN 1 7 2011

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

Civil Action No. _____

## <u>Memorandum of Law - "TRO" "Preliminary Injunction"</u>

Warden Bledsoe, SIS Lt. Heath and SIS Lt. Benfer violated the Eighth Amendment by forcing plaintiff to double-cell with inmate Norman Shelton, a known violent inmate who has a long history of predatory assault on staff and other prisoner's. The defendants violated plaintiff's constitutional rights because plaintiff advised each said defendant numerous times of his conditions of confinement, him belonging to an identifiable inmate sub-class: (inmate informant), whose often singled out for prisoner violence. Plaintiff on numerous occassions pleaded with each defendant to admit him into protective custody prior to being assault-ed sexually by inmate Shelton. Defendants refused to

-1-

segregate Plaintiff even after plaintiff reported being assaulted by Shelton. The sexual assault was allowed to continue by each defendant from March 13, 2011 — April 29, 2011 when Plaintiff sent an alarming letter to the Clerk of Court in Williamsport, who in turn gave the letter to local F.B.I. Then and only then, was Plaintiff removed from cell with Shelton, only to be forced to double-cell with yet another known predatory assaultive inmate, Eugene Washington. Washington is known to assault staff, and assault cellmates while there in handcuffs. Washington is currently depriving Plaintiff of prescribed meals, and some preferred portions. Washington has violent outbursts where he hauls off and slaps plaintiff telling him, "Its because of rats like you that I have life!"

When Plaintiff reports these assaults to Lt. Benfer and Unit Manager Brewer, plaintiff is told by Lt. Benfer "Stop snitching and learn how to fight." And Brewer says, "I don't have any place else to put you."

Defendants have made no reasonable efforts to abate further risk of harm to plaintiff.

## Rule of Law

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prison condition that exposes a prisoner to an unreasonable risk of serious harm. Helling v. McKinney, 509 U.S. 25, 33 (1993). Prison

-2-

Officials act with deliberate indifference when they ignore an obvious and serious danger. FARMER v. BRENNAN, 511 U.S. 825, 835 (1994). Hamilton v. Leavy, 117 F.3d 742 (3d Cir. 1997) A Delaware prisoner brought suit claiming that prison officials knew of and disregarded an excessive risk to his safety by placing him in the general population. (Hamilton) was transferred out of Delaware and into the federal system for his own protection after several attacks by other inmates, including two stabbings and an assault with a chair. Upon return to Delaware, Hamilton was housed in the general population where he was again attacked, this time resulting in a fractured jaw. All this despite being previously assaulted by other inmates and his "snitch" label. Id 747. deliberate indifference Id at 747-748.

## Application of Law

As I wrote in my complaint, upon admission to SMU - Lewisburg facility, other inmates who know my history as being an informant began threatening and extorting me. I promptly notified each said defendant through numerous avenues: request to staff forms, certified letters, documentary evidence to support my claims of being extorted, and through administrative remedies - all to no avail. I was requesting to be segregated into protective custody, instead Lt. Heath forced me to double-cell with inmate, Norman Shelton, an inmate whom she has well-documented assaults he,

-3-

Shelton has performed on staff and a vast of other prisoners. I pleaded with Lt. Heath not to force me to cell with Shelton because I was already aware of his predatory assaultive behavior. I was later sexually assaulted by Shelton, and the said defendants allowed the assault(s) to continue for over a month, even after I, along with my mother and attorney, Jennifer J. Tobin alerted defendants.

I am now forced to double-cell with another violent inmate, Eugene Washington who's depriving me of my prescribed meals, and is assaultive.

I have used the prison grievance system to request protective custody and when that grievance was denied, I appealed to the furthest extent, Central office.

I am continuing to complain, advise, and grieve, but defendants are continuous in their acts of deliberate indifference.

## Conclusion

Defendant's refusal to admit me into protective custody or otherwise end my excessive risk of being harmed and extorted amounts to deliberate indifference, in violation of the Eighth Amendment. For the following reasons, any motion to dismiss my case made by defendants should be denied:

1.) Plaintiff will likely show at trial that the defendants violated his rights. Plaintiff will do so by producing

-4-

undeniable documentary evidence, proving that each said defendant acted continuously deliberately indifferent to the Eighth Amendment, Failure to protect. Plaintiff will also use fact finders, and testimonial evidence to prove his case at trial.

2.) Plaintiff is likely to suffer irreparable harm if he does not receive TRO and ~~Preliminary~~ Judgment, as plaintiff has already been sexually assaulted, extorted, and currently being forced to double-cell with violent inmate, Eugene washington, who is now depriving plaintiff of prescribed meals and assaulting plaintiff.

   Plaintiff has also been receiving threats from gang leader of the "Crips" inmate John cole, that cole will have his crips kill plaintiff if plaintiff doesn't arrange to have monie(s) sent to cole's inmate account. (see actual complaint & Exhibit M)

3.) The actual imminent threat of harm plaintiff face's is greater by far than any minimal harm the prison officials will face if ~~3~~, plaintiff were to get TRO and ~~Preliminary~~ Judgment.

4.) A TRO would serve the public interest in knowing that prisoner's rights are being upheld in a good-faith effort by this honorable court. Also because plaintiff faces an excessive risk of harm for reasons personal to him and because all prisoner's in his situation face

-5-

In The United States District Court
For The Middle District of Pennsylvania

Dorian Trevor Sykes
#31185-039
    Plaintiff,

PRELIMINARY

v.

Warden B.A. Bledsoe
    et al.,
    Defendants

: ORDER TO

: CAUSE FOR A
: INJUNCTION
: A TEMPORARY
: RESTRAINING
: ORDER

: Civil Action No. _____

- - - - - - - - - - - - - X

Upon the Complaint, the supporting Declaration(s) of plaintiff, and the Memorandum of law submitted herewith, it is: ORDERED that defendants [Warden Bledsoe, SIS Lt. Heath, Lt. Benfer] show cause in room _____ of the United States Courthouse, 240 West Third Street, Williamsport, PA 17701 on the _____ day of _____, 20 ___, at _____ o'clock, why a preliminary injunction should not issue pursuant to Rule 65 (a) of the Federal Rules of Civil Procedure enjoining the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them, from violating plaintiff's Eighth Amendment by forcing plaintiff to co-exist in a prisoner environment where plaintiff is at a continuous risk of excessive harm, due to his conditions of confinement: belonging to an identifiable inmate sub-class: "snitch".

-1-

Defendants are ORDERED to take reasonable actions of admitting plaintiff into protective custody status to ensure Plaintiff's safety & right to be free from prisoner violence, as it relates to Plaintiff's conditions of confinement; being known to the inmate population as being a "snitch." Protective Custody provided to plaintiff shall include: <u>cell alone and recreation alone</u>, for the duration of his/plaintiff's placement at SMU Lewisburg.

It is further ORDERED that effective immediately, and pending the hearing and determination of this order to show cause, the defendants [Warden Bledsoe, SIS Lt. Heath, SIS Lt. Benfer] and each of their officers, agents, employers, and all persons acting in concert or participation with them, are restrained from transferring Plaintiff to another United States Penitentiary or SMU Program or ADX facility until the resolution of this civil action, as the facts raised in Complaint are ongoing and "capable of repetition" and would "evade review."

It is further ORDERED that the order to show cause, and all other papers attached to this application, be served on the aforesaid Plaintiff by _____.

_____

Dated: _____

United States District Judge

-2-

Such a Risk...

Dated : May 28, 2011

Respectfully Submitted,

Dorian Trevor Sykes # 31185-039
USP - Lewisburg
PO Box 1000
Lewisburg, PA 17837

## VERIFICATION

I have read the foregoing Memorandum and hereby verify
that the matters alleged therein are true and correct.
I certify under 28 U.S.C. 1746
penalty of perjury that the foregoing is true and correct.

Executed at [Lewisburg, PA] on [May 28, 2011]

Dorian T. Sykes
Dorian Trevor Sykes