# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**DORIAN TREVOR SYKES,**              :

      **Plaintiff,**              :

                                     **CIVIL ACTION NO. 3:11-1158**

      **v.**              :

                                     **(MUNLEY, D.J.)**

**B.A.  BLEDSOE, Warden; Lt.**              :              **(MANNION, M.J.)**
**HEATH, Lt. BENFER, and**
**FEDERAL BUREAU OF PRISONS,**  :

      **Defendants.**              :

## O R D E R[1]

Before the court is plaintiff's motion for the appointment of counsel. (Doc. No. 7).

It is well established that indigent litigants have no constitutional or statutory right to appointed counsel in a civil case. *Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)* (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, Congress has given the district courts broad discretion to appoint counsel when deemed appropriate. *See id.*; 28 U.S.C.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

§ 1915(e)(1) (2006).[2] For example, appointment of counsel should be made when circumstances "indicate the likelihood of substantial prejudice to [the indigent litigant] resulting . . . from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *See Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). Yet the court must always make a threshold determination of "whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499-500.

If the case is genuinely meritorious, then the court will consider a variety of factors that guide the court in deciding whether to appoint counsel. A nonexhaustive list includes:

1.    the plaintiff's ability to present his or her own case;
2.    the difficulty of the particular legal issues;
3.    the degree to which factual investigation will be necessary
       and the ability of the plaintiff to pursue investigation;
4.    the plaintiff's capacity to retain counsel on his or her own
       behalf;
5.    the extent to which a case is likely to turn on credibility
       determinations, and;

---

[2] The Third Circuit has rejected the notion that the appointment of counsel under section 1915(e)(1) is justified only under "exceptional circumstances." *Montgomery*, 294 F.3d at 498 n.9 (internal citations omitted).

6.      whether the case will require testimony from expert witnesses.

*Montgomery,* 294 F.3d at 499 (citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)).

In addition, the court is to consider several other practical considerations which serve to restrain a court's decision to appoint counsel in a civil case: the growing number of civil rights actions filed in federal courts by indigent litigants; the lack of funding to pay appointed counsel; and the finite pool of qualified attorneys willing to undertake assignments on a pro bono basis. *See id.* at 505. Yet despite these circumstances, careful analysis of the post-threshold factors will allow for the appropriate allocation of these limited legal resources. *See id.*

Assuming the plaintiff's case to be meritorious, his filings thus far indicate that he has the ability to present the facts and legal issues to the court without the assistance of an attorney. Moreover, plaintiff's civil rights complaint that alleges the defendants violated his Eighth Amendment rights does not appear to be complex, nor does it appear that the degree of factual investigation or the plaintiff's ability to conduct such investigation would be overly burdensome. Further, given the leeway afforded *pro se* litigants, the court is confident that the plaintiff will be able to adequately present his case.

To the extent that the plaintiff's case may rely on credibility determinations, it is hard to imagine a case that would not.  However, the issue is whether the case would appear to be solely be a "swearing contest," which this case does not appear to be. *See Parham v. Johnson,* 126 F.3d

3

454, 460 (3d Cir. 1997).

It does appear that the plaintiff's *in forma pauperis* status would render it difficult for him to obtain counsel and, as such, this factor does weigh in the plaintiff's favor.

Finally, it does not appear, and plaintiff does not allege, that testimony from an expert witness will be needed. Therefore, this factor also weighs against the appointment of counsel.

Considering the balance of the *Tabron* factors, as well as the other practical considerations which the court must take into account, the plaintiff's request for court-appointed counsel will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT,** the plaintiff's motion for appointment of counsel, (Doc. No. 7), is **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** July 1, 2011

O:\shared\ORDERS\2011 ORDERS\11-1158-02.wpd