UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DORIAN TREVOR SYKES,          :

    Plaintiff,          :
                                 CIVIL ACTION NO. 3:11-1158

v.          :

                                 (MUNLEY, D.J.)

B.A. BLEDSOE, Warden; Lt.          :          (MANNION, M.J.)
HEATH, Lt. BENFER, and
FEDERAL BUREAU OF PRISONS,     :

    Defendants.          :

### O R D E R[1]

On June 17, 2011, the plaintiff, an inmate at the United States Penitentiary at Lewisburg in Lewisburg, Pennsylvania, commenced this civil rights action by filing a complaint under 28 U.S.C. §1331 in which he alleges violations of his constitutional rights. (Doc. No. 1). On the same day, the plaintiff also filed an application to proceed *in forma pauperis*, (Doc. No. 3), and an authorization form, (Doc. No. 4).

A review of the plaintiff's complaint revealed that the plaintiff has filed previous lawsuits, and that he is allegedly bringing this lawsuit because his life is in imminent danger. As such, it appears that the plaintiff may believe he

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

is subject to a key provision of the PLRA, namely the "three strikes" rule under 28 U.S.C. §1915(g). Section 1915(g) prohibits a prisoner proceeding *in forma pauperis* from bringing a civil action or appealing a judgment in a civil action if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

Due to plaintiff's allegations, the court conducted a broad search on PACER which revealed the plaintiff previously initiated five civil actions and one appeal. However, the plaintiff appears to only have two strikes. The plaintiff received one strike on November 30, 2009 when his action in the Middle District of Florida was dismissed for abuse of process, *Sykes v.*

---

[2] In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

*Federal Bureau of Prisons*, 09-0389 (M.D. Fla. Nov. 30, 2009), and the plaintiff received another strike on September 27, 2007, when his action was dismissed as frivolous, *Sykes v. BOP*, 07-1004 (W.D. La. Sept. 27, 2007). As such, the court finds that the plaintiff may proceed *in forma pauperis* in the instant civil rights action, and that he need not be in imminent danger of serious physical injury in order to do so.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

**(1)** process shall issue; and

**(2)** the Clerk of Court shall prepare the summons and forward it to the U.S. Marshal with copies of the complaint (Doc. No. 1), exhibits (Doc. No. 2), memorandum of law in support of a temporary restraining order/preliminary injunction (Doc. No. 8), and the Standing Practice Order for service upon the defendants.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** July 5, 2011

O:\shared\ORDERS\2011 ORDERS\11-1158-01.wpd

3